**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ERNEST MELO, *on behalf of himself and all others similarly situated,*

Plaintiff,

v.

ZUMPER, INC.,

SERVE: Attn: Anthemos Georgiades
49 Geary Street, #350
San Francisco, CA 94108

and,

TRADE HOUSE DATA,

SERVE: Attn: Scott Kimball
1914 East 9400 South #222
Sandy, UT 84093

Defendants.

Civil Action No. 3:19-cv-00621-REP

**CLASS ACTION COMPLAINT**

COMES NOW the Plaintiff, Ernest Melo, by counsel, and as for his Complaint against Defendants Zumper, Inc. ("Zumper") and Trade House Data ("Trade House"), he states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for statutory, actual, and punitive damages, costs, and attorneys fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2. In this case, the Defendants combined or mixed the files of the Plaintiff with at least one other individual, including, but not limited to, his father, who has a different name, date of birth, contact information, and social security number.

3. When Plaintiff became aware that Zumper was publishing false judgment and eviction information about him, he requested disclosure of his consumer file to review and determine the source of the inaccurate information. Zumper thereafter refused to respond to Plaintiff's request, failed to provide him with the source of the judgment information, and failed to provide him with any of the disclosure or other information mandated by 15 U.S.C. § 1681g. In fact, Plaintiff did not even learn that Defendant Trade House was Zumper's source of the information until Zumper disclosed it to him in earlier litigation, after Plaintiff was forced to file a federal lawsuit.

**JURISDICTION**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

5. This claim relates to a case previously filed by the Plaintiff, *Melo v. Experian Information Solutions, Inc.,* Civil Action 3:17-cv-00642 (REP).

**PARTIES**

6. The Plaintiff is a natural person residing in Virginia, and at all times relevant hereto was a "consumer" as defined by 15 U.S.C. §1681a(c).

7. Zumper is a corporation headquartered in San Francisco, California.

8. Zumper is a consumer reporting agency as defined by 15 U.S.C. §1681a(f). Zumper is regularly engaged in assembling, evaluating, and disbursing information concerning consumers to furnish consumer reports to third parties as defined by 15 U.S.C. §1681a(d).

9. Zumper is a third-party reseller of consumer data.

10. Trade House is a limited liability corporation headquartered in Sandy, Utah.

11. Trade House is a consumer reporting agency as defined by 15 U.S.C. §1681a(f). Trade House is regularly engaged in assembling, evaluating, and publishing information

concerning consumers to furnish consumer reports to third parties as defined by 15 U.S.C. §1681a(d).

12. Upon information and belief, Defendants publish consumer reports to third parties pursuant to a contract with those entities in exchange for monetary compensation.

**FACTS**

13. On or about August 2017, Plaintiff applied to rent an apartment.

14. The leasing agent requested Plaintiff's consumer report through Zumper's online tenant screening resource.

15. Zumper obtains its consumer public records data from Trade House.

16. Zumper published a consumer report that included derogatory entries that did not belong to the Plaintiff.

17. By way of example, Zumper reported public record information within Plaintiff's report actually that belonged to his father.

18. Due to the Defendants' failure to maintain reasonable procedures to assure maximum possible accuracy, the derogatory and mismatched credit information included within Plaintiff's consumer report significantly limited and negatively impacted his ability to secure a rental property.

19. Defendants' failure to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports caused the Plaintiff to suffer actual damages to include, but not limited to, missed rental and economic opportunities, aggravation, inconvenience, embarrassment, and frustration. The Plaintiff was also deterred from applying for other rental properties because of the inaccurate negative reporting.

20. Following the publication of the Zumper consumer report, Plaintiff requested a copy of his consumer file from Zumper.

21. Zumper failed to provide any response in a timely manner to Plaintiff's request for disclosure of his consumer information, or any of the other information mandated by 15 U.S.C §1681g, which includes:

    a. All information in the Plaintiff's file at the time of the request;

    b. The sources of that information;

    c. Identification of each person that procured a consumer report about him during the 1-year period preceding the date on which the request was made;

    d. The dates, original payees, and amounts of any checks upon which is based any adverse characterization of the consumer to be included in the file at the time of the disclosure;

    e. A record of all inquires received by the agency within the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer;

    f. A statement that the Plaintiff had the right to request and obtain a credit score; and,

    g. The summary of rights mandated by 15 U.S.C. §1681g(c)(2).

22. By following its standard practices and procedures, Zumper deprived the Plaintiff of his consumer file information despite the requirements of the FCRA, as described above, and thereby caused the Plaintiff to suffer various injuries, including, but not limited to, an information injury.

**COUNT ONE: Individual Claim**
**Trade House's Violation of 15 U.S.C. § 1681e(b)**

23. Plaintiff restates each allegation in the preceding paragraphs 1 through 6 and 10 through 19 as if set forth at length herein.

24. Trade House failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information it reported concerning the Plaintiff and thereby violated 15 U.S.C. § 1681e(b).

25. Trade House's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

26. As a result of Trade House's violation of 15 U.S.C. § 1681e(b), the Plaintiff suffered damages and is entitled to recover actual damages, statutory damages, punitive damages, in addition to his costs and attorneys fees.

**COUNT TWO: Individual Claim**
**Zumper's Violation of 15 U.S.C. § 1681e(b)**

27. Plaintiff restates each allegation in the preceding paragraphs 1 through 2, 4 through 9, and 12 through 19 as if set forth at length herein.

28. Zumper failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information it reported concerning the Plaintiff, thereby violating 15 U.S.C. § 1681e(b).

29. Zumper's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

30. As a result of Zumper's violation of 15 U.S.C. § 1681e(b), the Plaintiff suffered damages and is entitled to recover actual damages, statutory damages, punitive damages, in addition to his costs and attorneys fees.

**COUNT THREE: Class Action Claim**
**Zumper's Violation of 15 U.S.C. § 1681g**

31. The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 9, 12, and 20 through 22 as if set forth at length herein.

32. Zumper failed to provide Plaintiff any response to his written request for a copy of his consumer file in a timely manner, failed to disclose the source of the judgment information contained in his consumer report, and failed to identify each person that procured the Plaintiff's report during the preceding 1-year period, thereby violating 15 U.S.C. § 1681g.

33. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this action for himself and on behalf of a class defined as follows:

> All natural persons residing in the United States (a) who requested their consumer disclosure from Zumper, (b) within the two year period preceding the filing of this action and during its pendency, and (c) to whom Zumper failed to provide a response that included the source of the judgment information that appeared in the consumer's file. Excluded from the class definition are any employees, officers, or directors of Zumper, any attorney appearing in this case, and any judge assigned to hear this action.

34. The Plaintiff incorporates his prior allegations and estimates that the class is so numerous that joinder of all members is impractical. Zumper sells thousands of consumer reports each year.

35. The Plaintiff's claim is typical of those of the class members – Zumper failed to respond to their request for a consumer disclosure and to identify the source of the public records that it published about them.

36. The Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff has retained counsel experienced in handling FCRA class actions. Neither the Plaintiff nor his counsel have any interests that might cause them to not vigorously pursue this action. The

Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

37. Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair their ability to protect their interests.

38. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

39. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a. As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelms the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims are generally ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually. Further, most consumers affected by the Zumper's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual

litigation of the uniform issues, in this case, would be a waste of judicial resources. The issues at the core of this case are class-wide and should be resolved at one time.

40. Zumper's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling the Plaintiff and putative class members to recover under 15 U.S.C. § 1681o.

41. As a result of Zumper's violations, the Plaintiff and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys fees.

## PRAYER FOR RELIEF

42. The Plaintiff therefore requests that the Court award statutory damages between $100.00 and $1,000.00 to the Class in addition to punitive damages, attorney fess and costs; award such declaratory and injunctive relief as may be appropriate, including entry of an Order requiring the Defendant to provide the consumer file, including the source of the judgment information, to each putative class member that historically requested their disclosure and to continue to provide this information to anyone that requests their disclosure from the Defendant in the future; and that the Court further award Plaintiff actual, statutory, and punitive damages with regard to his individual claims, in addition to his attorneys fees and costs.

**Plaintiff, on behalf of himself and the putative class members, demand a trial by jury**.

Respectfully submitted,
**Ernest Melo,**

By:_____/s/_________________,
Matthew J. Erausquin, VSB No. 65434
Tara B. Keller, VSB No. 91986
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
Email: matt@clalegal.com

                                        Email:  tara@clalegal.com
                                        *Counsel for the Plaintiffs*